IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISON

| | | |
|---|---|---|
| MICHAEL JONES, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO: |
| | ) | |
| v. | ) | Hon. Judge |
| | ) | |
| BOARD OF TRUSTEES OF THE UNIVERSITY | ) | |
| OF ILLINOIS and MARK DONOVAN, individually, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

NOW COMES the Plaintiff, MICHAEL JONES by and through his attorneys, The Barclay Law Group, P.C., and in support of his complaint against the Defendants, BOARD OF TRUSTEES OF THE UNIVERSITYOF ILLINOIS and MARK DONOVAN, individually, complains as follows:

## NATURE OF THE ACTION

1.     Plaintiff, MICHAEL JONES ("Jones") brings this action pursuant to Title VII of the Civil Rights Act of 1964 as amended 42 U.S.C. §2000e et seq., 42 U.S.C. § 1981 and 42 U.S.C. §1983 to remedy acts of employment discrimination perpetrated against him by Defendants. Plaintiff contends that Defendants discriminated against him by refusing to promote him to the position of Chief Engineer because of his race (African-American). Plaintiff demands trial by jury.

## PARTIES

2.     Jones is a resident of Cook County Illinois and is an African

1

American male.

3.     Defendant BOARD OF TRUSTEES OF THE UNIVERSITYOF ILLINOIS is the governing body of the University of Illinois system.

4.     Defendant MARK DONOVAN at all relevant times was the Vice Chancellor for Administrative Services for University of Illinois at Chicago and made the decision not to promote Jones.

### JURISDITIONAL STATEMENT

5.     On or about April 8, 2016 Jones filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), which was cross filed with the Illinois Department of Human Rights ("IDHR"). (A true and correct copy of the charge of discrimination is attached as Exhibit "A.")

6.     On or about August 11, 2016 Jones received a right to sue letter from the EEOC. (A true and correct copy of the right to sue letter is attached as Exhibit "B.")

7.     Jurisdiction is conferred for the Title VII claim by 28 U.S.C. § 1331, 28 U.S.C. § 1343(a)(3), and 42 U.S.C. §2000e-5(f)(3). Jurisdiction over 42 U.S.C. § 1981 is conferred by U.S.C. 1343(4). Jurisdiction over 42 U.S.C. is conferred by 42 U.S.C. § 1988.

### JURISDICTION AND VENUE

8.     This Court has jurisdiction over the subject matter of this civil action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. amended by the Civil Rights Act of 1991 ("Tile VII") and 28 U.S.C. §§ 1331 and 1343 (a)(4).

9.     Venue is proper in this District pursuant to 28 U.S.C. §1391(c). Defendant Board is subject to personal jurisdiction in this District in that it maintains a facility and conducts business operations in this District.

## FACTUAL ALLEGATIONS

10.     Jones was hired by Defendant Board on August 25, 1986 as a Dispatcher for the University of Illinois at Chicago ("UIC").

11.     From the Dispatcher position, Jones was promoted to Fireman, Engineer, and then Assistant Chief Engineer.

12.     In January of 2016 Jones applied for a promotion as Chief Engineer at the UIC location.

13.     Jones did not receive the position.

14.     Instead, the position was awarded to a white male who had less experience than Plaintiff.

15.     At all times material to this action, Jones received performance evaluations of satisfactory or better.

16.     Jones was qualified for the position of Chief Engineer.

17.     At all times material to this action Defendants took no disciplinary action against Plaintiff and had no valid criticism of his work.

## FAILURE TO PROMOTE IN VIOLATION OF TITLE VII

18.      Plaintiff re-alleges and incorporates by reference herein the allegations of paragraphs 1 through 17, inclusive, as set forth above.

19.     Defendants failed to promote Jones to the position of Chief of Engineer.

20.     By the conduct described above Defendant violated Title VII.

**WHEREFORE**, Plaintiff MICHAEL JONES, prays that this court enters an order granting the following relief:

a) Compensatory damages in excess of Fifty Thousand Dollars ($50,000.00);

b) A permanent injunction requiring Defendant to abolish discrimination;

c) Attorney fees and costs; and

d) Any further and different relief that the court deems appropriate.

## COUNT II – PROHIBITIED DISCRIMINATION UNDER 42 U.S.C. § 1983 REGARDING DEFENDANT BOARD

21. Plaintiff re-alleges and incorporates by reference herein the allegations of paragraphs 1 through 20, inclusive, as set forth above.

22. Defendant Board has a policy, practice or custom of not promoting African-Americans to the position of Chief Engineer.

23. For the duration of Jones' tenure at UIC an African-American has never been promoted to the position of Chief Engineer.

24. This policy, practice or custom of not promoting African-Americans to the position of Chief Engineer was established with deliberate indifference.

25. This policy, practice or custom of not promoting African-Americans to the position of Chief Engineer was the cause of the wrong suffered by Jones.

**WHEREFORE**, Plaintiff MICHAEL JONES, prays that this court enters an order granting the following relief:

a) Compensatory damages in excess of Fifty Thousand Dollars ($50,000.00);

b) A permanent injunction requiring Defendant to abolish discrimination;

c) Back pay;

d) Prejudgment interest;

e) Attorney fees and costs; and

4

f) Any further and different relief that the court deems appropriate.

## COUNT III – PROHIBITIED DISCRIMINATION UNDER 42 U.S.C. § 1983 REGARDING DEFENDANT DONOVAN IN HIS INDIVIDUAL CAPACITY

26.     Plaintiff re-alleges and incorporates by reference herein the allegations of paragraphs 1 through 25, inclusive, as set forth above.

27.     Defendant Donovan was personally responsible for the deprivation of Jones' constitutional rights guaranteed under 42 U.S.C. §1981 by directing or causing the constitutional violation.

**WHEREFORE**, Plaintiff MICHAEL JONES, prays that this court enters an order granting the following relief:

      a)  Compensatory damages in excess of Fifty Thousand Dollars ($50,000.00);

      b)  Punitive damages in excess of Fifty Thousand Dollars ($50,000.00);

      c)  A permanent injunction requiring Defendant to abolish discrimination;

      d)  Back pay;

      e)  Prejudgment interest;

      f) Attorney fees and costs; and

      g) Any further and different relief that the court deems appropriate.

Respectfully submitted,
MICHAEL JONES

5

By: s/Terri Blanchard

One of His Attorneys

Terri Blanchard
The Barclay Law Group, P.C.
111 W. Washington, Suite 1520
Chicago, IL 60602
(312)553-0123